UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

CHAKEITA MCMEANS,

    Plaintiff,

v.                                                    Case No. 3:22cv4662-TKW-HTC

UNITED STATES COURT HOUSE,
SUWANNEE CORRECTIONAL INSTITUTION,

    Defendants.

_____/

REPORT AND RECOMMENDATION

Plaintiff Chakeita McMeans has filed a *pro se* complaint, ECF Doc. 1, and a Motion for Leave to Proceed *in forma pauperis*, ECF Doc. 2, seeking to bring what appears to be a wrongful death suit against the United States Courthouse and Suwannee Correctional Institution Annex ("Suwannee CI") for the death of her husband, Adrian Liddell, while he was incarcerated at Suwanee CI. After an initial review of the complaint, the undersigned finds venue to be improper in this District and recommends this case be transferred to the Middle District of Florida, where the events at issue occurred.

In the complaint, Plaintiff alleges Adrian Liddell was sentenced to three (3) years in prison at Suwannee CI. ECF Doc. 1 at 7. While Mr. Liddell was at

Suwannee CI, "the facility refused to let him use a continuous airway pressure (CPAP) machine" until after he was hospitalized. *Id*. According to Plaintiff, Mr. Liddell was "fighting to breath" and he was not "getting enough oxygen to the brain." *Id*. "[A]fter fighting to get air in his airway for two (2) years, ten (10) months," "Adrian Liddell died in prison." *Id*.

Under 28 U.S.C. § 1391(b), venue is proper in a civil action in a judicial district: (1) where any defendant resides, if all defendants reside in the same state; (2) where a substantial part of the events giving rise to the claims occurred; or (3) any judicial district in which any defendant is subject to the court's personal jurisdiction, if there is no district in which the action may otherwise be brought. 28 U.S.C. § 1391(b). Plaintiff has filed this action in the Northern District of Florida. However, the Northern District is not the proper district because the events or omissions giving rise to Plaintiff's claims occurred in the Middle District.

As stated above, Mr. Liddell's death allegedly occurred at Suwannee CI. Suwannee CI is located in Suwannee County which is in the Jacksonville Division of the Middle District. *See* M.D. Fla. Loc. R. 1.04(a). Thus, venue is proper in the Middle District under § 1391(b)(2). Plaintiff does not allege any events occurred in the Northern District, making venue improper in this District.

Indeed, while Plaintiff names the "United States Courthouse" as a defendant, and gives as the Courthouse's address, 111 N. Adams Street, Tallahasee, Florida, 32301, Plaintiff alleges no facts related to the Courthouse. Regardless, neither the court nor the courthouse are legal entities that can be sued. *See McCoy v. Monroe Cty. Sheriff's Dept.*, 2020 WL 106860, at *3 (S.D. Ala. Feb. 13, 2020) (noting the Monroe County Courthouse is not an entity that can be sued and that the court is also not a "person" under § 1983).[1] At best, the only reference in the complaint to anything occurring in this District is that the Escambia County Jail may have some documentation regarding Mr. Liddell's illness.

Pursuant to 28 U.S.C. § 1406, when a case is filed in the wrong district, the court "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). Also, under § 1404(a), even were venue proper in this District, a transfer to the Middle District would nonetheless be appropriate. Thus, rather than dismiss this action, the Court finds this case should be transferred to the Middle District.[2]

---

[1] Since neither the Courthouse nor the Court is a proper defendant, its location is disregarded for venue purposes.

[2] Although a correctional institution is also not a proper defendant, *see Brannon v. Thomas Cty. Jail,* 280 F. App'x. 930, 934 n.1 (11th Cir. 2008) (holding "penal institutions ... are generally not considered legal entities subject to suit"), because Plaintiff *may* be able to amend the complaint to identify a proper defendant, the undersigned finds a transfer to the Middle District to be more appropriate, particularly given the Plaintiff's *pro se* status.

Case No. 3:22cv4662-TKW-HTC

The Middle District is where a substantial part of the events occurred and, thus, where the witnesses and pertinent records will be located will be located. *See* 28 U.S.C. § 1404(a). The decision to transfer is left to the "sound discretion of the district court and is reviewable only for an abuse of that discretion." *See e.g., Roofing & Sheeting Metal Serv. v. La Quinta Motor Inns,* 689 F.2d 982, 985 (11th Cir. 1982). Such transfers may be made *sua sponte* by the court, provided that the court give notice to the parties.[3] *See Tazoe v. Airbus S.A.S.*, 631 F.3d 1321, 1336 (11th Cir. 2011).

In *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 508-09 (1988), *superseded by statute on other grounds as explained in American Dredging Co. v. Miller*, 510 U.S. 443, 449, n.2 (1994), the Supreme Court set forth certain factors that the courts should consider in determining whether a transfer under § 1404(a) is appropriate. Those factors include: (1) relative ease of access to sources of proof; (2) availability of compulsory process for attendance of unwilling; and (3) the cost of obtaining attendance of willing, witnesses. *See id.* Those factors, as applied here, weigh in favor of a transfer to the Middle District.

---

[3] Here, this report and recommendation will serve as notice to Plaintiff, and Plaintiff will be able to file objections prior to the case being transferred.

Case No. 3:22cv4662-TKW-HTC

Accordingly, it is respectfully RECOMMENDED that the clerk TRANSFER this case to the United States District Court for the Middle District of Florida and close this file in the Northern District.

At Pensacola, Florida, this 5th day of April 2022.

*/s/ Hope Thai Cannon*
**HOPE THAI CANNON**
**UNITED STATES MAGISTRATE JUDGE**

NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations must be filed **within fourteen (14) days** of the date of the Report and Recommendation. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control.</u>  An objecting party must serve a copy of its objections upon all other parties.  A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.